UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM JAMES ROY MALICOAT,<br><br>                          Petitioner,<br><br>   v.<br><br>MIKE OBENLAND,<br><br>                          Respondent. | No. C14-5578 RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

      The Court, having reviewed the petition for writ of habeas corpus, the response, the Report and Recommendation of Magistrate Judge Karen L. Strombom, objections to the Report and Recommendation (Dkt. 17) and the remaining record, does hereby find and **ORDER**:

    (1)    The Court adopts the Report and Recommendation (Dkt. 16).

    (2)    In his objections, petitioner requests relief under Fed.R.Civ.P. 59(e). Relief is not appropriate under that rule. This is a habeas corpus action challenging petitioner's conviction, not a request for relief under the civil rules of procedure. This motion for writ of habeas corpus is time barred under 28 U.S.C. § 2244(d). Petitioner claims that, had he known about statements Shane Sullivan and the victim's father made to police, he would have elicited evidence that would have bolstered his self defense claim; he contends that this evidence supports his claim of actual innocence. This habeas corpus claim is without merit. The Washington Supreme Court carefully analyzed petitioner's claim for purposes of the actual innocence exception to the state time bar statute, and concluded that petitioner failed to demonstrate the actual innocence necessary to equitably avoid the time limit on collateral attack. Likewise, petitioner has not demonstrated actual innocence in order to avoid the time bar in this habeas corpus action. Petitioner received the police statements in 2009, and he did not file this petition for writ of habeas corpus until July 14, 2014. Further, his claims are not sufficient to constitute actual innocence for either pursuing procedurally defaulted claims, or for stating a freestanding claim of actual innocence. The court concurs with the analysis in the Report and Recommendation. Petitioner's petition for writ of habeas corpus is time barred under 28 U.S.C. § 2244(d).

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

(3) The petition for writ of habeas corpus is **DISMISSED** as time barred under 28 U.S.C. § 2244(d)**.**

(4) The issuance of a certificate of appealability is **DENIED.**

(5) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent and to the Hon. Karen L. Strombom.

**DATED** this 12th day of November, 2014.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 2